1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON; and
STATE OF OREGON,

                 Plaintiffs,

     v.

DONALD TRUMP, in his official
capacity as President of the United States
of America, et al.,

               Defendants.

NO.  2:25-CV-00602-JHC

[PROPOSED] ORDER
GRANTING MOTION FOR
PARTIAL SUMMARY
JUDGMENT

NOTE ON MOTION CALENDAR:
JUNE 26, 2025

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:25-cv-00602-JHC

1  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and upon consideration of

2  Plaintiffs' Motion for Partial Summary Judgment and all the papers filed in support thereof, and

3  any oppositions filed in opposition thereto, the Court concludes that Plaintiff States are entitled

4  to judgment as a matter of law and that there are no disputes of material fact. The Court

5  specifically concludes that section 2(a), section 4(a), section 4(b), section 7(a), and section 7(b)

6  of Executive Order 14,248 are unlawful and unconstitutional. Furthermore, 2 U.S.C. § 7 and

7  3 U.S.C. § 1 do not preempt Washington or Oregon laws establishing ballot-receipt deadlines.

8  Accordingly, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment. The

9  Court holds as follows:

10  (1)  Section 2(a) of the Executive Order exceeds the President's constitutional and

11  statutory authority, is *ultra vires*, and violates the constitutional separation of powers.

12  Defendants United States Election Assistance Commission, Chairman Donald L. Palmer, Vice

13  Chair Thomas Hicks, Commissioner Christy McCormick, Commissioner Banjamin W. Hovland,

14  and Executive Director Brianna Schletz, and their officers, agents, servants, and employees

15  (collectively "EAC Defendants") are enjoined from implementing section 2(a) of the Executive

16  Order by taking any steps to require documentary proof of citizenship as part of the national

17  mail-in voter registration form required by 52 U.S.C. § 20508. Because there is a single national

18  mail-in voter registration form, the scope of this injunction is necessary to accord Plaintiff States

19  the relief to which they are entitled. This injunction does not prohibit EAC Defendants from

20  making any other lawful changes to the national mail-in voter registration form.

21  (2)  Section 4(a) of the Executive Order exceeds the President's constitutional and

22  statutory authority, is *ultra vires*, and violates the constitutional separation of powers. EAC

23  Defendants are permanently enjoined from implementing section 4(a) by taking any steps to

24  condition grants to Plaintiff States on rejection of voter registration applications that are not

25  accompanied by documentary proof of citizenship. This injunction does not prohibit EAC

26

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:25-cv-00602-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  Defendants from exercising authority over grants to Plaintiff States in the manner authorized by

2  laws adopted by Congress.

3          (3)      Section 4(b) of the Executive Order exceeds the President's constitutional and

4  statutory authority, is *ultra vires*, and violates the constitutional separation of powers. EAC

5  Defendants are permanently enjoined from implementing section 4(b) by taking any steps to

6  decertify voting systems in the manner required by section 4(b) or to revise the Voluntary Voting

7  System Guidelines in the manner required by section 4(b). The scope of this injunction is

8  necessary to accord Plaintiff States the relief to which they are entitled. This injunction does not

9  prohibit EAC Defendants from exercising their lawful discretion to decertify voting systems

10 pursuant existing law and policy. This injunction also does not prohibit EAC Defendants from

11 exercising their lawful discretion to adopt any other changes to the Voluntary Voting System

12 Guidelines.

13         (4)      Section 7(a) of the Executive Order exceeds the President's constitutional and

14 statutory authority, is *ultra vires*, and violates the constitutional separation of powers. The

15 Attorney General and the Attorney General's officers, agents, servants, and employees are

16 permanently enjoined from attempting to enforce 2 U.S.C. § 7 or 3 U.S.C. § 1 in a manner that

17 would prevent Plaintiff States from counting otherwise valid votes for federal office that are

18 contained in ballots that are timely under state law.

19         (5)      Section 7(b) of the Executive Order exceeds the President's constitutional and

20 statutory authority, is *ultra vires*, and violates the constitutional separation of powers by

21 exercising authority reserved to Congress. EAC Defendants are permanently enjoined from

22 conditioning funding to Plaintiff States on any basis related to Plaintiff States' counting

23 otherwise valid votes for federal office that are contained in ballots that were mailed by election

24 day, to the extent permitted by state law.

25         (6)      Plaintiff States are entitled to declaratory judgment that their existing laws are

26 not preempted by 2 U.S.C. § 7 and 3 U.S.C. § 1 ("federal election day statutes"). The federal

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:25-cv-00602-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

election day statutes establish a uniform date for holding general elections for federal office. Plaintiff States' laws comply with this requirement by establishing the first Tuesday after the first Monday in November as the date for federal general elections. Wash. Rev. Code § 29A.04.04.321; Or. Rev. Stat. § 254.056(1). Plaintiff States' laws require that all ballots be cast by election day. Wash. Rev. Code §§ 29A.40.110(4), 29A.60.190; Or. Rev. Stat. § 254.470(6)(e)(B), (8). Because Congress has not enacted a law establishing ballot receipt deadlines, the Elections Clause authorizes the states to establish laws relating to the counting of otherwise valid ballots received after election day.

DATED this _____ day of _____ 2025.

_____
Honorable John H. Chun
United States District Court Judge

Presented by:

NICHOLAS W. BROWN
   *Attorney General*
   *State of Washington*

NOAH G. PURCELL, WSBA 43492
   *Solicitor General*

*s/ Karl D. Smith*
_____
KARL D. SMITH, WSBA 41988
   *Deputy Solicitor General*
WILLIAM MCGINTY, WSBA 41868
KELLY A. PARADIS, WSBA 47175
ALICIA O. YOUNG, WSBA 35553
   *Deputy Solicitors General*
FREEMAN E. HALLE, WSBA 61498
MICHELLE M. SAPERSTEIN, WSBA 55539
ZANE MULLER, WSBA **
   *Assistant Attorneys General*
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:25-cv-00602-JHC

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  karl.smith@atg.wa.gov
   noah.purcell@atg.wa.gov
2  william.mcginty@atg.wa.gov
   kelly.paradis@atg.wa.gov
3  alicia.young@atg.wa.gov
   freeman.halle@atg.wa.gov
4  zane.muller@atg.wa.gov
   michelle.saperstein@atg.wa.gov
5
   *Attorneys for Plaintiff State of Washington*
6

7  DAN RAYFIELD
   Attorney General
8  State of Oregon

9  *s/ Brian Simmonds Marshall*
   BRIAN SIMMONDS MARSHALL*
10 CARLA A. SCOTT, WSBA #39947
   *Senior Assistant Attorneys General*
11 KATE E. MORROW*
   *Assistant Attorney General*
12 Oregon Department of Justice
   100 SW Market Street
13 Portland, OR 97201
   (971) 673-1880
14 brian.s.marshall@doj.oregon.gov
   carla.a.scott@doj.oregon.gov
15 kate.e.morrow@doj.oregon.gov

16 *Attorneys for Plaintiff State of Oregon*

17 *Admitted Pro hac vice
   **Washington State bar admission pending
18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT
No. 2:25-cv-00602-JHC

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744