The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON and STATE OF OREGON,

                    Plaintiffs,

            v.

DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*,

                  Defendants.

CASE NO.  2:25-cv-602-JHC

DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PARTIAL SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR:** DECEMBER 8, 2025

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PARTIAL SUMMARY JUDGMENT

Pursuant to the Court's September 9, 2025, Order (ECF 114), Defendants supplement their briefing in support of their Motion to Dismiss and in Opposition to Partial Summary Judgment as follows.

    *1.   "Whether this Court must accept Defendants' interpretation of EO section 2(d), particularly when this position was not advanced in similar litigation. See California, 2025 WL 1667949."*

Defendants do not contend that this Court "must" accept their interpretation of Executive Order ("EO") Section 2(d), *i.e.*, that it is legally required to defer. This Court *should*, however, accept it—not only because Defendants' interpretation is warranted by the text of the Executive Order (as discussed in their briefing on Plaintiffs' Motion for Partial Summary Judgment and Defendants' Motion to Dismiss (e.g., ECF 64 at 9–10)), but also because principles of judicial estoppel would protect Plaintiffs if the Court issues a decision favorable to Defendants that is

DEFENDANTS' SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 1

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

1    predicated on this interpretation. *See Aegean Maritime Petrol. S.A. v. KAVO Platanos M.V.*, 646

2    F. Supp. 3d 1347, 1352 (W.D. Wa.) (Chun, J.) (citing *New Hampshire v. Maine*, 532 U.S. 742,

3    750 (2001) and *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013)).

4         The Court observes that the Department of Justice did not advance this position in their

5    May 19, 2025, opposition to the plaintiff States' motion for a preliminary injunction in *California*

6    *v. Trump* (District of Massachusetts). *See* ECF 114 at 3 (citing 786 F. Supp. 3d 359 (D. Mass.

7    2025), *appeal filed*, No. 25-1726 (1st Cir. July 31, 2025)). That fact should not affect the Court's

8    analysis. The Department made decisions about what arguments to raise and which to forego in

9    the emergency posture of the *California v. Trump* plaintiffs' motion for preliminary injunction.

10    And, in any event, Defendants did not prevail with respect to that Section in the District of

11    Massachusetts. *See* No. 1:25-cv-10810-DJC, ECF 108, Order, at 2 (D. Mass. filed June 13, 2025)

12    (preliminarily enjoining Section 2(d)). In Defendants' subsequent motion to dismiss *California v.*

13    *Trump*, the Department did, in fact, argue that the plaintiff States lack standing to challenge Section

14    2(d) because "[t]his provision does not state that it applies to Plaintiff States, who are neither

15    federal departments or agencies nor enrollees of public assistance programs." No. 1:25-cv-10810-

16    DJC, ECF 109, Mot. to Dismiss, at 9–10 (D. Mass. filed June 13, 2025); *see also id.*, ECF 120,

17    Reply ISO Mot. to Dismiss, at 5–6 (D. Mass. filed July 25, 2025) (explaining that, "[b]ecause

18    section 2(d) does not extend to state voter registration agencies, it does not injure Plaintiffs, and

19    they lack standing to challenge it").

20         **2. "Whether Defendants agree with Plaintiffs' interpretation of EO section 4(b)(ii),**
        **i.e., that section 4(b)(ii) requires the EAC "to decertify all presently certified voting**
21        **systems unless they are formally recertified under the President's preferred**
        **standards," see Dkt. # 103 at 8, resulting in mandatory decertification of all**
22        **federally certified voting systems at some point in time. If Defendants disagree,**
        **please explain your alternative interpretation of the decertification directive**
23        **contained in section 4(b)(ii)."**

24         Plaintiffs predicate standing on their assertion that EO Section 4(b)(ii) requires the Election

Assistance Commission ("EAC") to "decertify all presently certified voting systems unless they are formally recertified under the President's preferred standards." ECF 103 at 22–23. Contrary to Plaintiffs' assertion, however, the EAC has not yet formed an interpretation of Section 4(b)(ii) that is either consistent or inconsistent with Plaintiffs' set forth above. As discussed at length in Defendants' briefing, and for this additional reason, this Court lacks subject-matter jurisdiction over Plaintiffs' challenge to Section 4(b)(ii). *See, e.g.*, ECF 113 at 11–12.

### 3. *"Whether Defendants oppose this Court granting Plaintiffs' requested relief should the Court reject Defendants' substantive arguments and grant summary judgment on all or some of Plaintiffs' claims."*

Plaintiffs seek declaratory and injunctive relief, which Defendants oppose, in part. Specifically, Plaintiffs ask this Court to: (i) declare that the challenged EO provisions are unlawful (Compl. at 43–44 (¶ A)), (ii) declare that "Wash. Rev. Code § 29A.60.190 and Or. Rev. Stat. §§ 254.470(6)(e)(B), 254.470(8) are not preempted by 2 U.S.C. §§ 1, 7 or 3 U.S.C. §§ 1, 21(1)" (*id.* at 44 (¶ B)); and (iii) "[p]reliminarily and permanently enjoin Defendants from implementing or enforcing the challenged provisions of the [EO]" (*id.* (¶ C)). Of course, Defendants dispute jurisdiction over, and the merits of, Plaintiffs' challenges to the Executive Order, for the reasons discussed in their briefing. Should the Court grant summary judgment to Plaintiffs on one or more of those challenged EO provisions, Defendants do not have independent objections to declaratory relief as to those provisions of the Executive Order—i.e., the relief sought in Paragraph A on pages 43–44 of the Complaint.

Defendants view the remaining relief differently. Plaintiffs' request for declaratory relief on the question of preemption of state statutes—Paragraph B on page 44—is tethered to Count 8 of their Complaint, which is a putative standalone claim for declaratory judgment. As explained in Defendants' Motion to Dismiss (ECF 64 at 17–18), however, a declaratory judgment is not itself a claim, and "the Declaratory Judgment Act provides an affirmative remedy only when a cause of

DEFENDANTS' SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 3

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

action otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 876 (9th Cir. 2022) (per curiam). Plaintiffs' request for a nationwide injunction prohibiting Defendants "from implementing or enforcing the challenged provisions of the [EO]" (Paragraph C on page 44 of the Complaint) is also improper, for the reasons discussed in Defendants' Motion to Dismiss briefing. *E.g.*, ECF 113 at 20; *see Trump v. CASA, Inc.*, 606 U.S. 831, 837 (2025) (universal injunctions "exceed the equitable authority that Congress has granted to federal courts").

Dated: November 25, 2025          Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ Marianne F. Kies
MARIANNE F. KIES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorney for Defendants*

DEFENDANTS' SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 4

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

CERTIFICATE OF SERVICE

I, Marianne F. Kies, hereby certify that I served a true copy of the above document upon all counsel of record via this court's electronic filing system and upon any non-registered participants via first class mail. I further certify that this memorandum contains 949 words, in compliance with the Court's September 19, 2025, Order (ECF 114).


Dated: November 25, 2025                    /s/ *Marianne F. Kies*
                                            MARIANNE F. KIES
                                            Trial Attorney

DEFENDANTS' SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 5

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819