1                                                                The Honorable John H. Chun

2

3

4

5                          UNITED STATES DISTRICT COURT FOR THE
                           WESTERN DISTRICT OF WASHINGTON

6                                    AT SEATTLE

7  STATE OF WASHINGTON and STATE OF      CASE NO.  2:25-cv-602-JHC
    OREGON,

8                                DEFENDANTS' RESPONSIVE
                      Plaintiffs,      SUPPLEMENTAL BRIEF IN
                                SUPPORT OF MOTION TO DISMISS

9                v.                     AND IN OPPOSITION TO PARTIAL
                                SUMMARY JUDGMENT

10  DONALD J. TRUMP, *in his official capacity as*
    *President of the United States, et al.*,      **NOTE ON MOTION CALENDAR:**
                                DECEMBER 8, 2025

11                      Defendants.

12

13       **<u>DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION
TO DISMISS AND IN OPPOSITION TO PARTIAL SUMMARY JUDGMENT</u>**

14           Pursuant to the Court's September 19, 2025, Order (ECF 114), and in response to Plaintiffs'

15  Supplemental Brief (ECF 123), Defendants supplement their briefing in support of their Motion

16  to Dismiss and in Opposition to Partial Summary Judgment as follows.

17       **1.**   ***"Under which cause (or causes) of action do Plaintiffs seek relief for each
                individual claim regarding Executive Order 14248 (EO)? To the extent Plaintiffs
18               assert any non-*ultra vires* causes of action, please explain the cause(s) of action
                and provide a legal basis for the claim(s)."***

19

20           Plaintiffs assert that, "[f]or each of their claims, Plaintiff States rely on an equitable cause

21  of action under which courts may enjoin governmental conduct that is *ultra vires* or violates the

22  Constitution." ECF 123 at 1–2. Defendants have already explained why *ultra vires* review is

23  unavailable in this case. *See, e.g.*, ECF 64 at 16–17; ECF 113 at 2. To the extent Plaintiffs' claims

24  arise under a different, "equitable" cause of action premised on constitutional violations, they fare

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 1                           U.S. Department of Justice
                                          1100 L STREET, NW
                                     WASHINGTON, D.C. 20005
                                        (202) 353-1819

1    no better. Plaintiffs chiefly rely on *Sierra Club v. Trump*, 929 F.3d 670 (9th Cir. 2019), where the

2    government defendants moved to stay a district court injunction prohibiting them from using

3    reprogrammed funds to construct a border barrier. *Id.* at 675–77. To rule on the motion, the Ninth

4    Circuit panel considered, *inter alia*, whether defendants were likely to succeed on the merits of

5    their appeal. *Id.* at 676. Defendants argued that they were, because the plaintiffs lacked a cause of

6    action through which to challenge the reprogramming. *Id.* The majority disagreed, holding that

7    plaintiffs could "bring their challenge through an equitable action to enjoin unconstitutional

8    official conduct." *Id.* at 694–700. Judge Smith dissented (*id.* at 707–20), explaining that the

9    majority's approach—which "turn[ed] every question of whether an executive officer exceeded

10   a *statutory* grant of power into a *constitutional* issue"—was "in contradiction to the most

11   fundamental concepts of judicial review" (*id.* at 707 (emphasis original)). Reflecting Judge

12   Smith's concerns, the Supreme Court then issued an emergency stay. *Trump v. Sierra Club*, 588

13   U.S. 930 (2019). In so doing, the Court noted: "the Government has made a sufficient

14   showing . . . that the plaintiffs have no cause of action." *Trump v. Sierra Club*, 588 U.S. 930, 140

15   S. Ct. 1 (mem.) (2019); *see Global Health Council v. Trump*, 153 F.4th 1, 13–17 (D.C. Cir. 2025).[1]

16       "Constitutional rights do not typically come with a built-in cause of action to allow for

17   private enforcement in courts. Instead, constitutional rights are generally invoked defensively in

18

19   [1] The Ninth Circuit's subsequent decision on the *merits* of *Sierra Club*—963 F.3d 874, 887–90
     (9th Cir. 2020)—repeated the same error as the first. That decision was vacated as moot, *see* 142

20   S. Ct. 46 (2021) (mem.), and therefore is not binding on this Court. *United States v. Carrillo-
     Lopez*, 68 F.4th 1133, 1142 n.4 (9th Cir. 2023) ("[A] decision that has been vacated has no

21   precedential authority whatsoever." (citation and emphasis omitted)).

22       Plaintiffs also cite *Murphy Co. v. Biden*, which noted that the Ninth Circuit has historically
     taken "an expansive view" of the constitutional category of claims highlighted in *Dalton v.

23   Specter*, 511 U.S. 462 (1994). *See* 65 F.4th 1122, 1130 (9th Cir. 2023). "But in the very cases
     that *Murphy Co.* relies on, the Supreme Court has signaled that the Ninth Circuit errs in doing so."

24   *Global Health Council*, 153 F.4th at 17 n.15 (citing, *inter alia*, the Supreme Court's emergency
     stay in *Trump v. Sierra Club*).

1    cases arising under other sources of law, or asserted offensively pursuant to an independent cause

2    of action designed for that purpose." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024). Lacking any

3    independent causes of action, Plaintiffs' "equitable" claims fail.

4         **2.    *"Whether Plaintiffs have standing to challenge EO section 2(d) if, as Defendants***
         ***contend, the provision applies only to federal agencies under the National Voter***
5         ***Registration Act."***

6         Plaintiffs concede that, "[i]f EO section 2(d) applies only to agencies of the federal

7    government, Plaintiff States do *not* assert that they have standing to challenge it based on the

8    allegations in the current complaint." ECF 123 at 2. Because section 2(d) is so limited, ECF 64 at

9    9, Plaintiffs' challenge to section 2(d) should be dismissed for lack of subject-matter jurisdiction.

10   *See, e.g.*, ECF 113 at 8.

11        **3.    *"Whether Plaintiffs challenge EO section 3(d) in its entirety or only section 3(d)(i).***
         ***If Plaintiffs challenge section 3(d)(ii), please explain briefly how the challenge is***
12        ***justiciable."***

13        Plaintiffs state that they challenge the entirety of section 3(d)—including section 3(d)(ii),

14   which provides that the Secretary of Defense shall update the Federal Post Card Application to

15   require "proof of eligibility to vote in elections in the State in which the voter is attempting to

16   vote." *See* ECF 123 at 2–3. According to Plaintiffs, "Section 3(d)(ii) is justiciable for essentially

17   the same reasons that section 3(d)(i) is justiciable." *Id.* at 2. But as Defendants have already

18   explained, the particulars of how or when section 3(d) will implemented are unsettled—therefore,

19   Plaintiffs' challenge to section 3(d) is unripe. *E.g.*, ECF 64 at 10 & n.6. Defendants' argument

20   applies with the same, if not stronger, force to a challenge to section 3(d)(ii): Unlike section 3(d)(i),

21   section 3(d)(ii) does not reference "documentary proof of United States citizenship," as defined by

22   section 2(a) of the Executive Order. Plaintiffs' argument as to how section 3(d)(ii) would be

23   implemented to their detriment is entirely speculative, rendering their challenge nonjusticiable.

24

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 3

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

1

2

> **4.  *"Whether a favorable ruling on Plaintiffs' challenge to EO section 4(b) would moot Plaintiffs' section 4(d) claim and, if not, why Plaintiffs' 4(d) challenge should still survive Defendants' motion to dismiss."***

3    EO Section 4(b) directs the Election Assistance Commission ("EAC") to "initiate

4   appropriate action to amend the Voluntary Voting System Guidelines [VVSG] 2.0 and issue other

5   appropriate guidance establishing standards for voting systems to protect election integrity."

6   Section 4(d) directs the Secretary of Homeland Security ("DHS") and the Administrator of the

7   Federal Emergency Management Agency ("FEMA") to, in considering the provision of funding

8   for State or local election offices or administrators through Homeland Security Grant Programs,

9   "heavily prioritize compliance with the Voluntary Voting System Guidelines 2.0," "consistent with

10  applicable law." Accordingly, these sections concern two different VVSG versions: Section 4(b)

11  concerns future amendments to VVSG 2.0, whereas Section 4(d) concerns VVSG 2.0 as it

12  currently exists. Therefore, Defendants agree that a favorable ruling for Plaintiffs on a challenge

13  to Section 4(b) would not *thereby* moot a challenge to Section 4(d). Nonetheless, the Court lacks

14  subject-matter jurisdiction over Plaintiffs' challenge to Section 4(d) (which also fails on the merits)

15  for the separate, independent reason that Plaintiffs do not have standing. *See, e.g.*, ECF 64 at 12–

16  13; *id.* at 8; *see also, e.g.*, ECF 113 at 13 & n.4. Plaintiffs' supplemental brief does not surmount

17  this fatal defect.[2]

18

19

20

> **5.  *"Whether Plaintiffs request an injunction regarding EO section 7(a) in its entirety or only as to specific applications. . . . To the extent Plaintiffs request a total injunction, please explain briefly why any and all applications of section 7(a) are unlawful and should be enjoined."***

21    EO Section 7(a) directs the Attorney General to "take all necessary action to enforce 2

22

23

24

---

[2] Plaintiffs' supplemental brief strays beyond the question posed by the Court and expounds upon the purported merits of their claims. ECF 123 at 5–6. Defendants, by contrast, respond only to the substance of Plaintiffs' answer to the Court's question.

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 4

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

U.S.C. 7 and 3 U.S.C. 1 against States that violate these provisions by including absentee or mail-in ballots received after Election Day in the final tabulation of votes for the appointment of Presidential electors and the election of members of the United States Senate and House of Representatives." Despite agreeing that there are lawful applications of EO Section 7(a), Plaintiffs purport to seek a "total" injunction against it. ECF 123 at 6–7. To justify their demand, Plaintiffs propose that the Court style the putative injunction to prohibit only actions that "enforce" the subject statutes, which—Plaintiffs say—would not cover concededly lawful conduct. *Id.* at 6. This makes no sense. If there are lawful ways to implement Section 7(a)—as Plaintiffs concede there are—then there is no basis for facially enjoining that provision based on speculation that the Attorney General would nonetheless choose unlawful means to implement it. More broadly, if the Attorney General were to bring an enforcement action against Plaintiffs pursuant to Section 7(a), Plaintiffs could challenge her authority to do so in that enforcement action, including by contesting the Government's understanding of what the Election Day statutes require. But there is no basis in this litigation for enjoining speculative future enforcement action before it even commences. Plaintiffs' explanation of the would-be injunction underscores the prematurity of their challenges to Section 7(a), and why those challenges are facially meritless. *E.g.*, ECF 64 at 15–18, 33–38.

Finally, Plaintiffs assert that the Declaratory Judgment they seek in Claim 8 "will effectively resolve this dispute." ECF 123 at 7. For the reasons discussed in Defendants' motion and supplemental brief (ECF 122 at 3–4), however, Claim 8 fails on its face because a declaratory judgment is not itself a claim, and "the Declaratory Judgment Act provides an affirmative remedy only when a cause of action otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 876 (9th Cir. 2022) (per curiam). Accordingly, any injunction that the Court may decide to issue cannot be tethered to Claim 8, as Plaintiffs now suggest.

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 5

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

6.    *"Whether Plaintiffs still agree to dismissal of their challenges to EO sections 2(b)(iii), 2(e)(ii), and 5(b), considering Defendants' clarifications in their reply. To the extent Plaintiffs no longer agree to dismissal, please explain why the claims should not be dismissed" (citation omitted).*

"Plaintiff States still agree to dismissal of their challenges to EO sections 2(b)(iii), 2(e)(ii), and 5(b)." ECF 123 at 7–8. Therefore, those claims should be dismissed.

7.    *"Whether this Court can, consistent with the Supreme Court's decision in* **Trump v. CASA, Inc.***, 606 U.S. 831 (2025), issue Plaintiffs' requested relief, specifically with respect to EO sections 2(a) and 4(b)."*

In *Trump v. CASA, Inc.*, the Supreme Court clarified that the equitable authority of district courts is limited to "administer[ing] complete relief *between the parties*." 606 U.S. 831, 851 (2025) (quotations omitted). Plaintiffs claim that only a universal injunction against EO Sections 2(a) and 4(b) would "provide complete relief to Plaintiff States." ECF 123 at 8–10. Plaintiffs are incorrect. As Defendants have previously explained, even if this Court decides that an injunction is appropriate with respect to Sections 2(a) and 4(b), which it should not do, any injunction could be limited to the Plaintiffs in this case. The federal form includes instructions for each of the 50 States, and the EAC could require documentary proof of citizenship ("DPOC") in the state-specific instructions for the non-plaintiff States, if it decides to require DPOC at the end of its process. *See* USEAC, *Register to Vote In Your State By Using This Postcard Form and Guide*, OMB Control No. 3265-0015, https://perma.cc/KV6S-WCVY. The EAC could similarly amend the VVSG to have specific instructions for particular States or have State-specific voting system certifications.

Plaintiffs assert that the "practical effect" of such relief would be to create multiple state-specific forms, which would "undermine the uniformity that Congress sought to achieve through the National Voter Registration Act (NVRA)." ECF 123 at 8–10. Assuming *arguendo* that Plaintiffs' "practical" concerns were well-founded, Plaintiffs do not—and cannot—explain how the tailored injunction proposed by Defendants would fail to provide *them* complete relief, which

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 6

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819

1  is all that *CASA* requires. As Plaintiffs themselves acknowledge, any alleged harm to non-party

2  States cannot serve as grounds for the universal injunction they seek. *Id.* at 9 n.1.

3       ***8. Whether Plaintiffs oppose dismissal of Claim 6 (Violation of the Article II, Section***
         ***3 of the U.S. Constitution) . . . and if so, whether this Court can, consistent with the***
4        ***political question and other justiciability doctrines, review this claim."***

5       "Plaintiff States do not oppose dismissal of Claim 6, which asserts violations of the Take

6  Care Clause." ECF 123 at 10. Therefore, Claim 6 should be dismissed.

7       ***9. "Whether Plaintiffs oppose dismissal of Claim 3 (Constitutional Right to***
         ***Vote) . . . and if so, on what basis do Plaintiffs assert standing."***
8

9       "Plaintiff States do not oppose dismissal of Claim 3, which asserts violations of the
   constitutional right to vote." ECF 123 at 10. Therefore, Claim 3 should be dismissed.

10      Dated: December 8, 2025              Respectfully submitted,

11                                           BRETT A. SHUMATE
12                                           Assistant Attorney General

13                                           ERIC J. HAMILTON
                                             Deputy Assistant Attorney General
14                                           Civil Division, Federal Programs Branch

15                                           JOSEPH E. BORSON
                                             Assistant Director
16                                           Civil Division, Federal Programs Branch

17                                           /s/ Marianne F. Kies
                                             MARIANNE F. KIES
18                                           Trial Attorney
                                             U.S. Department of Justice
19                                           Civil Division, Federal Programs Branch
                                             1100 L Street, NW
20                                           Washington, D.C. 20005
                                             (202) 353-1819
21                                           Marianne.F.Kies@usdoj.gov

22                                           *Attorney for Defendants*

23

24

1

<u>CERTIFICATE OF SERVICE</u>

2

      I, Marianne F. Kies, hereby certify that I served a true copy of the above document upon

3

all counsel of record via this court's electronic filing system and upon any non-registered

4

participants via first class mail. I further certify that this memorandum contains 2,099 words, in

5

compliance with the Court's September 19, 2025, Order (ECF 114).

6

7

 Dated: December 8, 2025

      /s/ *Marianne F. Kies*
      MARIANNE F. KIES

8

      Trial Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEF
ISO MOTION TO DISMISS
AND IN OPP'N TO PARTIAL SUMMARY JUDGMENT
No. 2:25-cv-602-JHC - 8

U.S. Department of Justice
1100 L STREET, NW
WASHINGTON, D.C. 20005
(202) 353-1819