The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON; and
STATE OF OREGON,

Plaintiffs,

v.

DONALD TRUMP, in his official
capacity as President of the United States
of America, et al.,

Defendants.

NO. 2:25-cv-00602-JHC

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL
BRIEF [DKT. 122]

**1.    Defendants' Interpretation of EO Section 2(d)**

Plaintiff States agree with Defendants both that this Court is not legally required to defer to their interpretation of Executive Order (EO) section 2(d) and also that this Court may accept it. *See* Dkt. 122 at 1-2. At the same time, Plaintiff States maintain their argument that section 2(d) is broader than Defendants suggest. *See* Dkt. 103 at 45-47.

If this Court accepts Defendants' interpretation of section 2(d) (i.e., that it applies only to federal agencies and not to state agencies) and dismisses Plaintiff States' challenge to section 2(d) on that basis, this Court's order should expressly identify the basis. Doing so will ensure that judicial estoppel precludes Defendants from taking an inconsistent position in the future. Defendants agree that this doctrine would apply "if the Court issues a decision favorable

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

to Defendants that is predicated on this interpretation." Dkt. 122 at 1-2. Accordingly, this Court should identify the predicate for any ruling in favor of Defendants on this issue.

### 2. Interpretation of EO section 4(b)(ii)

EO section 4(b)(ii) is clear and unambiguous in its requirements that the EAC rescind all certifications of existing voting systems, with the possibility of recertification:

> Within 180 days of the date of this order, *the Election Assistance Commission shall take appropriate action* to review and, if appropriate, re-certify voting systems under the new standards established under subsection (b)(i) of this section, and *to rescind all previous certifications of voting equipment based on prior standards*.

Dkt. 1-1 at 5 (emphasis added). The EO does not give the EAC any alternative; under the most natural reading of the provision, the "if appropriate" qualification applies only to potential re-certification of voting systems, not to rescinding previous certifications.

In their supplemental brief, Defendants do not expressly articulate how EO section 4(b)(ii) can be read in any other way. Instead, Defendants state that "the EAC has not yet formed an interpretation of Section 4(b)(ii)[.]" Dkt. 122 at 3. But there is only one reasonable interpretation of the EO. In earlier briefing on this topic, Defendants took the position that "the President has the authority to direct Executive agencies to carry out their statutory duties in a particular way[.]" Dkt. 64 at 29. EO section 4(b)(ii) does that. In their supplemental brief, Defendants appear to pivot to the argument that the EAC may or may not faithfully apply the language of EO section 4(b)(ii), which, according to Defendants, means that the Court lacks subject matter jurisdiction. Dkt. 122 at 3. But Defendants cannot have it both ways. It cannot be the case that the President may direct the EAC for purposes of addressing the merits but that the EAC is not required to follow the president's direction for purposes of determining jurisdiction.

Defendants cite to earlier briefing, which relied on a non-grammatical reading of the clause. Dkt. 122 at 3 (citing Dkt. 113 at 11-12). Under that reading, EO section 4(b)(ii) does not

PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

require the EAC to rescind all previous certifications. This presumably reads the section as follows:

> Within 180 days of the date of this order, *the Election Assistance Commission shall take appropriate action to review and, if appropriate*, re-certify voting systems under the new standards established under subsection (b)(i) of this section, and *to rescind all previous certifications of voting equipment based on prior standards*.

Dkt. 1-1 at 5 (emphasis added). This is non-grammatical in light of the use of the infinitive "to review" and "to rescind," which suggests that they are the beginning of the two relevant subclauses (and, therefore, that "re-certify," which is not in the infinitive, is not the beginning of a subclause).

It is true that the President's September 21 deadline for rescinding certifications has come and gone without action by the EAC. But Damocles's sword remains suspended over Plaintiff States as a result of EO section 4(b)(ii). The EO commands action by the EAC, and granting summary judgment in favor of Plaintiff States will eliminate the harm caused by that section, a harm that continues to increase as the 2026 election cycle nears.

### 3. Defendants' Position on Plaintiffs' Requested Relief

Defendants indicate that they "do not have independent objections to declaratory relief" to the effect that particular provisions of the Executive Order are unlawful. Dkt. 122 at 3. Plaintiff States welcome this position.

In addition, this Court can and should enter a declaratory judgment that Plaintiff States' ballot receipt deadline laws are not preempted by federal election day laws. Defendants oppose this relief on the ground that the Declaratory Judgment Act "is not itself a claim," and that it "'provides an affirmative remedy only when a cause of action otherwise exists.'" Dkt. 122 at 3-4 (quoting *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 876 (9th Cir. 2022) (per curiam)). Declaratory judgment is available here for two reasons.

First, an affirmative cause of action exists in this case. For the reasons explained in Plaintiffs' Supplemental Brief, Plaintiff States may proceed under an equitable cause of action.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

Dkt. 123 at 1-2; *see also* Dkt. 37 at 14-15; Dkt. 103 at 15-16. For that reason, *City of Reno* is readily distinguishable because the Ninth Circuit had determined, in that case, that the plaintiff did not have any other right of action. 52 F.4th at 878. The requested declaratory judgment here flows naturally from Plaintiff States' cause of action. Defendants contend that EO section 7 is valid because the federal election day statutes require that ballots be received by that date. *See* Dkt. 64 at 35-38. If Plaintiff States are correct that the federal election day statutes contain no such requirement, it necessarily follows that those statutes do not preempt state laws permitting the counting of timely cast ballots received after election day.

Second, declaratory judgment is also appropriate because it is established that the Declaratory Judgment Act is available "for defensive use against anticipated claims." *City of Reno*, 52 F.4th at 879. "A potential defendant may preempt a suit by a potential plaintiff—the latter of whom could sue pursuant to an independent cause of action—and seek a declaration that the potential plaintiff's claim would fail." *Id.* EO section 7(a) directs the Attorney General to "take all necessary action to enforce 2 U.S.C. 7 and 3 U.S.C. 1 against States that violate these provisions by including absentee or mail-in ballots received after Election Day[.]" Dkt. 1-1 at 6. Here, Plaintiff States seek to preempt suit by Defendants and seek a declaration that Defendants' specific claims would fail.

Defendants are also incorrect in their contention that *Trump v. CASA*, 606 U.S. 831 (2025), precludes the injunctive relief sought by Plaintiff States. *See* Dkt. 122 at 4. Defendants address the relief identified in the complaint, *id.*, but the relevant touchstone should be the more specific relief identified in Plaintiff States' proposed order, Dkt. 37-1. With respect to EO sections 2(a) and 4(b), the proposed injunctive relief is necessary to provide complete relief for the reasons set out in Plaintiff' Supplemental Brief, Dkt. 123 at 8-10. With respect to EO sections 4(a), 7(a), and 7(b), *CASA* is not implicated because the proposed order seeks injunctive relief that is limited to Plaintiff States. Dkt. 37-1.

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

| | |
|---|---|
| 1 | DATED this 8th day of December, 2025. |

I certify that this memorandum contains 1,195 words, in compliance with this Court's September 19, 2025 order.

NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*

NOAH G. PURCELL, WSBA 43492
  *Solicitor General*

s/ Karl D. Smith
KARL D. SMITH, WSBA 41988
  *Deputy Solicitor General*
WILLIAM MCGINTY, WSBA 41868
KELLY A. PARADIS, WSBA 47175
ALICIA O. YOUNG, WSBA 35553
  *Deputy Solicitors General*
FREEMAN E. HALLE, WSBA 61498
MICHELLE M. SAPERSTEIN, WSBA 55539
ZANE MULLER, WSBA 63777
  *Assistant Attorneys General*
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
karl.smith@atg.wa.gov
noah.purcell@atg.wa.gov
william.mcginty@atg.wa.gov
kelly.paradis@atg.wa.gov
alicia.young@atg.wa.gov
freeman.halle@atg.wa.gov
michelle.saperstein@atg.wa.gov
zane.muller@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

DAN RAYFIELD
Attorney General
State of Oregon

s/ Brian Simmonds Marshall
BRIAN SIMMONDS MARSHALL*
CARLA A. SCOTT, WSBA #39947
*Senior Assistant Attorneys General*
KATE E. MORROW*
*Assistant Attorney General*
Oregon Department of Justice

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

| | |
|---|---|
| 1 | 100 SW Market Street |
| 2 | Portland, OR 97201 |
| | (971) 673-1880 |
| 3 | brian.s.marshall@doj.oregon.gov |
| | carla.a.scott@doj.oregon.gov |
| 4 | kate.e.morrow@doj.oregon.gov |

*Attorneys for Plaintiff State of Oregon*
\*Admitted Pro hac vice

PLAINTIFFS' RESPONSE TO
DEFENDANTS' SUPPLEMENTAL BRIEF
No. 2:25-cv-00602-JHC

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774