The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

STATE OF WASHINGTON and STATE OF OREGON,

               Plaintiffs,

    v.

DONALD TRUMP, in his official capacity as President of the United States of America, *et al.*,

               Defendants.

No. 2:25-cv-00602-JHC

JOINT STATUS REPORT AND DISCOVERY PLAN

**THE PARTIES' JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f)(a), and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. 127 (as modified by this Court's February 12, 2026 Order, Dkt. 130), Plaintiff States and Defendants jointly submit the following statement and litigation plan.

**1. A Statement of the Nature and Complexity of the Case**

On March 25, 2025, President Trump issued Executive Order No. 14,248, titled "Preserving and Protecting the Integrity of American Elections." 90 Fed. Reg. 14,005 (Mar. 28, 2025). On April 4, 2025, the States of Washington and Oregon (Plaintiffs) filed the instant lawsuit challenging eleven sections of the Executive Order, sections 2(a), 2(b)(iii), 2(d), 2(e)(ii), 3(d), 4(a), 4(b), 4(d), 5(b), 7(a) and 7(b). Dkt. 1. On May 29, 2025, Plaintiffs moved for partial

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

summary judgment (Dkt. 37), and on July 14, 2025, Defendants filed a response to Plaintiffs' motion and a cross-motion to dismiss all of Plaintiffs' claims (Dkt. 64). On January 9, 2026, this Court issued an order granting summary judgment to Plaintiffs on their non-statutory, equitable challenges to sections 2(a), 4(a), 4(b), 7(a), and 7(b) of the Executive Order and issued a permanent injunction against their implementation. Dkt. 126 at 73. With respect to sections 4(a), 7(a), and 7(b), this Court's order enjoins "Defendants from implementing or giving effect to these provisions only as applied to Plaintiffs." *Id.* at 71. With respect to sections 2(a) and 4(b), this Court determined that "to provide Plaintiffs complete relief . . . it must enjoin Defendants from taking *any* action to implement or give effect to these provisions." *Id.* The order further dismissed Plaintiffs' challenges to sections 2(b)(iii), 2(d), 2(e)(ii), and 5(b), as well as Claims 1, 2, 3, 6, 7, and 8 without prejudice. *Id.* at 73. Defendants filed a notice of appeal from this order on March 10, 2026. Dkt. 131.

Currently, the only claims pending in this Court are Plaintiffs' challenges to section 3(d) and 4(d). Plaintiffs have elected to voluntarily dismiss their challenge to section 4(d) without prejudice, and Defendants have agreed to stipulate to that dismissal. The parties will file an appropriate stipulated voluntary dismissal.

**2. A Proposed Deadline for Joining Additional Parties**

The parties agree that there are no additional parties who need to be joined.

**3. Whether the Parties Consent to Assignment of This Case to a Magistrate Judge**

No.

**4. A Discovery Plan Addressing All Items Set Forth in Fed. R. Civ. P. 26(f)(3)**

At their March 10, 2026, Rule 26(f) conference, the parties agreed that this matter can be decided without the need for discovery, assuming no changes in the underlying facts. As discussed below in response to 5(b), the parties propose a summary judgment schedule that will promptly resolve this matter. The Parties propose that, if this Court's order on the summary judgment motions does not fully resolve the claims in this case, the Parties will hold a conference

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-774

to determine whether discovery is necessary in light of the order and, if so, develop a discovery plan at that time.

### (A)  Initial disclosures

The Parties agree that the deadline for initial disclosures should be suspended until 30 days following the Court's order on the Parties' cross motions for summary judgment, if that order does not fully resolve the claims.

### (B)  Subjects, timing, and potential phasing of discovery

The Parties agree that discovery is not necessary.

### (C)  Electronically stored information

The Parties discussed and did not identify any issues about disclosure, discovery, or preservation of electronically stored information.

### (D)  Privilege issues

The parties do not anticipate seeking discovery of information to which claims of privilege or protection may apply. The parties therefore do not anticipate that procedures for handling the inadvertent production of privileged information and other privilege waiver issues are necessary at this time. If any disputes related to privilege arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

### (E)  Proposed limitations on discovery

The Parties have agreed that discovery is not necessary and therefore do not believe that any changes are needed to the limitations on discovery.

### (F)  The need for discovery related orders

The Parties have agreed that discovery is not necessary and therefore do not believe that any other discovery related orders are necessary.

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

3

**5.  The Parties' Views on All Items Set Forth in Local Civil Rule 26(f)(1)**

**(A)  Prompt case resolution**

In order to promptly resolve this case, the Parties jointly propose the following briefing schedule:

- The Parties' cross motions for summary judgment shall be due on April 17, 2026.
- The Parties' responding briefs shall be due on May 15, 2026.

In addition, the Parties agree that Defendants' deadline for filing their answer shall be suspended until 30 days following the Court's order on the Parties' cross-motions for summary judgment, if that order does not fully resolve the claims.

**(B)  Alternative dispute resolution**

Given the nature of the claims in this case, the Parties do not believe it is a good candidate for ADR.

**(C)  Related cases**

There are two cases pending in other jurisdiction challenging the same executive order: *California v. Trump*, 1:25-cv-10810 (D. Mass.), and *LULAC v. Executive Office of the President*, 1:25-cv-00946 (D.D.C.). There are pending appeals in both cases.

The Parties agree that this Court does not need to make any changes to this handling of this litigation in response to those cases.

**(D)  Discovery management**

The Parties have agreed that discovery is not necessary, and this promotes the expeditious and inexpensive resolution of this case.

**(E)  Anticipated discovery sought**

The Parties have agreed that discovery is not necessary.

**(F)  Phasing motions**

The parties have proposed an expedited summary judgment schedule to facilitate early resolution. That schedule is set forth in response to 5(A), above.

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-774

**(G)    Preservation of discoverable information**

The parties are aware of, and have taken steps to ensure compliance with, their obligations regarding discovery.

**(H)    Privilege issues**

The Parties have agreed that discovery is not necessary and that procedures for handling inadvertent productions are not necessary at this time.

**(I)    Model Protocol for Discovery of ESI**

The Parties do not believe that discovery of electronically stored information is necessary to any claims in this case. To the extent ESI discovery is conducted, the Model Protocol is acceptable.

**(J)    Alternatives to Model Protocol**

The model protocol is acceptable.

**6.    The Date by Which Discovery Can Be Completed**

The parties do not believe that discovery is necessary.

**7.    Whether the Case Should Be Bifurcated by Trying Liability Issues Before the Damages Issues, or Bifurcated in Any Other Way**

The Parties do not believe that any additional bifurcation is necessary because the remaining issues can be addressed in a single round of dispositive briefing.

**8.    Whether the Pretrial Statements and Pretrial Order Called for by LCRs 16(e), (h), (i), and (k), and 16.1 Should Be Dispensed With in Whole or in Part for the Sake of Economy**

The Parties agree that the Pretrial Statements and Pretrial Order should be dispensed with in whole, subject to reconsideration if this Court does not resolve all claims on summary judgment.

**9.    Whether the Parties Intend to Utilize the Individualized Trial Program Set Forth in LCR 39.2 or an ADR Options Set Forth in LCR 39.1**

No.

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-774

**10. Any Other Suggestions for Shortening or Simplifying the Case**

No.

**11. The Date the Case Will be Ready for Trial**

The Parties agree that this case can be fully resolved on cross motions for summary judgment.

**12. Whether the Trial Will be Jury or Non−jury.**

The Parties agree that any trial will be non-jury.

**13. The Number of Trial Days Required**

1-5, depending on this Court's ruling on the motions for summary judgment.

**14. The names, addresses, and telephone numbers of all trial counsel**

Karl D. Smith
William McGinty
Kelly Paradis
Alicia Young
Zane Muller
Freeman Halle
  Washington Attorney General's Office
(360) 664-2510
Karl.Smith@atg.wa.gov
William.McGinty@atg.wa.gov
Kelly.Paradis@atg.wa.gov
Alicia.Young@atg.wa.gov
Zane.Muller@atg.wa.gov


Brian Simmonds Marshall
Kate E. Morrow
Carla A. Scott
  Oregon Department of Justice
(971) 673-1880
Brian.S.Marshall@doj.oregon.gov
Kate.E.Morrow@doj.oregon.gov
Carla.A.Scott@doj.oregon.gov

Joseph E. Borson
Marianne F. Kies
Christian Dibblee

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-774

Civil Division, U.S. Department of Justice
Federal Programs Branch
Joseph.Borson@usdoj.gov
Marianne.F.Kies@usdoj.gov
Christian.Dibblee@usdoj.gov

**15. The Dates on Which the Trial Counsel May Have Complications to be Considered in Setting a Trial Date**

Counsel for Plaintiff States are unavailable on the following dates:

May 7-11, 2026

June 15-19, 26, 2026

July 16-17, 2026

October 14, 2026

December 7-16, 2026

Counsel for Defendants are unavailable on the following dates:

August 14-31, 2026

December 15, 2026-January 8, 2027

**16. Service Issues**

All parties have been served

**17. Request for a Rule 16 Conference**

The Parties agree that a pretrial conference under Rule 16 is not necessary.

**18. Dates of Nongovernmental Corporate Parties**

This section does not apply because this case does not involve any nongovernmental corporate parties.

DATED this 30th day of March, 2026.

NICHOLAS W. BROWN
*Attorney General*
*State of Washington*

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-774

NOAH G. PURCELL, WSBA 43492
   *Solicitor General*

*s/ Karl D. Smith*
KARL D. SMITH, WSBA 41988
   *Deputy Solicitor General*
WILLIAM MCGINTY, WSBA 41868
KELLY A. PARADIS, WSBA 47175
ALICIA O. YOUNG, WSBA 35553
   *Deputy Solicitors General*
FREEMAN E. HALLE, WSBA 61498
ZANE MULLER, WSBA 63777
   *Assistant Attorneys General*
Office of the Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744
karl.smith@atg.wa.gov
noah.purcell@atg.wa.gov
william.mcginty@atg.wa.gov
kelly.paradis@atg.wa.gov
alicia.young@atg.wa.gov
freeman.halle@atg.wa.gov
zane.muller@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

DAN RAYFIELD
Attorney General
State of Oregon

*s/ Brian Simmonds Marshall*
BRIAN SIMMONDS MARSHALL*
CARLA A. SCOTT, WSBA #39947
*Senior Assistant Attorneys General*
KATE E. MORROW*
*Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
brian.s.marshall@doj.oregon.gov
carla.a.scott@doj.oregon.gov
kate.e.morrow@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*
*Admitted Pro hac vice

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

8

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ Marianne F. Kies
MARIANNE F. KIES
CHRISTIAN DIBBLEE
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-1819
Marianne.F.Kies@usdoj.gov

*Attorney for Defendants*

JOINT STATUS REPORT AND
DISCOVERY PLAN
No. 2:25-cv-00602-JHC

9