The Honorable John H. Chun

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States, et al.*,<br><br>Defendants. | CASE NO. 2:25-cv-602-JHC<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF |

## DEFENDANTS' SUPPLEMENTAL BRIEF

In compliance with this Court's order of November 9, 2026, ECF 146, Defendants submit this supplemental brief regarding this Court's jurisdiction. One dispute remains—Plaintiffs' challenge to Section 3(d) of Executive Order 14248. *See* ECF 133. The parties have cross-moved for summary judgment on that issue. *See* ECF 136, 138, 139, 140.

This case is not moot. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted). To be sure, two courts issued universal permanent injunctions against § 3(d).[1] But the President has not rescinded § 3(d) and the Government continues to defend it on appeal.

[1] Final Judgment ¶ 3, *League of United Latin Am. Citizens v. Exec. Off. of the President (LULAC v. EOP)*, No. 1:25-cv-946-CKK (D.D.C. Mar. 31, 2026), ECF 256; *LULAC v. EOP*, 818 F. Supp. 3d 34, 102 (D.D.C. 2026); Final Judgment at 3, *California v. Trump*, No. 1:25-cv-10810-DJC (D. Mass. July 13, 2026), ECF 194; *California v. Trump*, 840 F. Supp. 3d 37, 83-84 (D. Mass. 2026).



U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 880-0387

*See* Opening Brief for Federal Defendants-Appellants at 43-49, *LULAC v. EOP*, No. 25-5476 (D.C. Cir. Oct. 14, 2026), Doc. No. 2198144; *cf.* Unopposed Motion for Extension of Time to File Opening Briefs, No. 26-2038 (1st Cir. Oct. 27, 2026), Doc. No. 6855040.[2] And while the Court asked about the impact of the November 2026 election cycle, § 3(d) is not tied to any one election. Thus, if the Government prevails in the foregoing appeals and the injunctions are dissolved, the Government will apply § 3(d) in future election cycles.

Under those circumstances, the prospect of further judicial review is a sufficiently concrete interest to keep the case in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 n.7 (2005) (Delaware state-court ruling did not moot a similar federal-court action, as the federal-court respondent—which had lost in state court—planned to "petition [the U.S. Supreme] Court for a writ of certiorari" from the state court judgment). A contrary rule could deprive the Supreme Court of the benefits of percolation among the courts of appeals. *Cf. United States v. Mendoza*, 464 U.S. 154, 160 (1984) (in the collateral estoppel context, "[a]llowing only one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question before this Court grants certiorari.").

Thus, on several occasions, the Ninth Circuit has continued handling an injunction dispute after other courts issued overlapping injunctions. *See California v. U.S. Dep't of Health & Human Servs. (California v. HHS)*, 941 F.3d 410, 421-22 (9th Cir. 2019), *vacated on other grounds*,

---

[2] In the First Circuit, the Government filed a brief defending § 3(d) on appeal from the preliminary injunction order in *California v. Trump*. Brief for Appellants at 28-35, *California v. Trump*, No. 25-1726 (1st Cir. Oct. 7, 2025), Doc. No. 6756312. While the appeal was pending, the district court entered final judgment and a permanent injunction, thereby dissolving the preliminary injunction by operation of law. The Government has appealed from the final judgment and voluntarily dismissed its appeal of the preliminary injunction as moot. *See* Notice of Voluntary Dismissal, *California v. Trump*, No. 25-1726 (1st Cir. Oct. 19, 2026), Doc. No. 6852969. The opening brief in the appeal from the permanent injunction is currently due December 9, 2026.



U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 880-0387

591 U.S. 1027 (2020)) (holding the case was not moot, over a panel dissent, following preliminary injunction in *Pennsylvania v. Trump*, 351 F. Supp. 3d 791 (E.D. Pa. 2019)); *City & County of San Francisco v. U.S. Citizenship & Immigration Servs.*, 944 F.3d 773, 788 (9th Cir. 2019) (applying *California v. HHS* to hold the case was not moot, following preliminary injunctions in *Casa de Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760 (D. Md. 2019) and *New York v. U.S. Dep't of Homeland Sec.*, 408 F. Supp. 3d 334 (S.D.N.Y. 2019)); *cf. Hawaii v. Trump*, 859 F.3d 741, 761-69 (9th Cir. 2017), *vacated on other grounds*, 583 U.S. 941 (2017) (addressing standing and ripeness but not mootness following preliminary injunction in *International Refugee Assistance Project v. Trump*, 857 F.3d 554 (4th Cir. 2017)); *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018), *vacated in part and rev'd in part on other grounds*, 591 U.S. 1 (2020) (not discussing mootness following preliminary injunction in *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018)). True, those opinions followed preliminary injunctions, which are nonfinal. But appellate review is still available, so the case is still live.

Indeed, this Court has directly said that other courts' § 3(d) injunctions did not divest it of subject matter jurisdiction, even though Washington and Oregon "seek[] similar equitable relief against the same defendant[s]." *Washington v. Trump*, 814 F. Supp. 3d 1173, 1209 n.44 (W.D. Wash. 2026) (quoting *California v. HHS*, 941 F.3d at 421-22), ECF 126. And its analysis applies to both preliminary and permanent relief. *See id.* (discussing "other courts preliminarily and permanently enjoining Defendants").

**CONCLUSION**

The permanent injunctions in *LULAC v. EOP* and *California v. Trump* did not divest this Court of jurisdiction to resolve the parties' pending cross-motions for summary judgment.

*(signature block on following page)*



U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 880-0387

Dated: November 25, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General

JOSEPH E. BORSON
Assistant Director
Civil Division, Federal Programs Branch

/s/ *Winston Shi*
WINSTON SHI
CHRISTIAN DIBBLEE
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel.: 202-880-0387
E-mail: winston.g.shi@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Winston Shi, hereby certify that I served a true copy of the above document upon all counsel of record via this court's electronic filing system and upon any non-registered participants via first class mail. I further certify that this memorandum contains 880 words, in compliance with this Court's order of November 9, 2026, ECF 146.

Dated: November 25, 2026

/s/ *Winston Shi*
WINSTON SHI
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch



U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 880-0387